PER CURIAM.
This is the second time an aspect of this action has been before us for appellate review. After the Warrens filed a breach of contract and warranty action against Jim Skinner Ford, Inc., in connection with their purchase of an allegedly defective vehicle, Jim Skinner Ford moved for and was granted a stay of the action pending arbitration under the Federal Arbitration Act. The Warrens petitiohed this Court for a writ of mandamus, requesting that the trial court be required to set aside its order granting the stay pending arbitration.
In granting that petition, we held:
“The contract in the present case served to transfer title to an automobile, already located in Alabama, to a resident consumer. Even using the broad interstate commerce standard found in Ex parte Costa & Head [(Atrium), Ltd., 486 So.2d 1272 (Ala.1986) ], we must conclude that such a transaction does not have a sufficient nexus with interstate commerce activity to bring the contract within the coverage of the FAA. Thus, we hold that, under the narrow factual context of this case, there is no basis for invoking the FAA, and the arbitration clause contained in the contract cannot be enforced under Alabama law.”
Ex parte Warren, 548 So.2d 157, 160 (Ala.1989) (“ Warren I”).
The Warrens now ask this Court to issue a writ of mandamus directing the trial court to reverse its order granting Jim Skinner Ford’s motion to have the trial court enforce a “binding inspection” provision of the parties’ agreement, pursuant to Ala.Code 1975, § 7-2-515(b). Jim Skinner Ford argues that Juanita Warren’s execution of the predispute agreement, contained in the Jim Skinner Ford sales contract, overrides Alabama’s anti-arbitration policy as set out at Ala.Code 1975, § 8-1-41(3). We disagree.
Section 7-2-515(b) provides:
“In furtherance of the adjustment of any claim or dispute:
[[Image here]]
“(b) The parties may agree to a third-party inspection or survey to determine the conformity or condition of the goods and may agree that the findings shall be binding upon them in any subsequent litigation.”
Thus, argues Jim Skiner Ford, Mrs. Warren’s execution of the predispute agreement had the legal effect of converting the “may agree” into “must agree.” Our problem with this argument is that its fundamental premise flies in the face of our holding in Warren I.
Indeed, if the Warrens, or either one of them, had executed an agreement to exercise the option to be bound by a third-party inspection, as provided by § 7 — 2—515(b), after the dispute arose, they could not now seek refuge in this state’s anti-arbitration statute. In that event, an invocation of § 7-2-515(b) would validate the arbitration agreement. Any attempt to circumvent *212 the anti-arbitration statute by combining the pre-dispute agreement with the permissive language of § 7-2-515(b) is laden with the same problems addressed by this Court in Warren I.
Furthermore, the permissive language of § 7-2-515(b) is entirely consistent with Alabama’s nonenforcement of predispute arbitration clauses. That policy was clearly stated in Wells v. Mobile County Bd. of Realtors, 387 So.2d 140 (Ala.1980):
“The public policy of this state is to encourage arbitration and amicable settlements of differences between parties; but public policy also holds void an agreement in advance to oust or defeat the jurisdiction of all courts, as to all differences between the parties.”
Wells, supra, at 144. The Official Comment to § 7-2-515(b) is also consistent with this statement of Alabama public policy: “Paragraph (b) also suggests the use of arbitration, where desired, of any points left open, but nothing in this section is intended to repeal or amend any statute governing arbitration.”
We hold, therefore, that the petition for writ of mandamus is due to be granted and the writ issued accordingly.
WRIT GRANTED.
HORNSBY, C.J., and MADDOX, JONES, ALMON, SHORES, ADAMS, HOUSTON, STEAGALL and KENNEDY, JJ., concur.